# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Wells Fargo Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2003-FFH2 | : | Case No. 1:06-cv-00305 |
| | : | |
| | : | District Judge Honorable Christopher A. Boyko |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| John L. Gasiorowski, et al. | : | |
| | : | |
| Defendants. | : | |

UNITED STATES DISTRICT JUDGE HONORABLE CHRISTOPHER A. BOYKO

This matter is before the Court on the motion of Plaintiff Wells Fargo Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2003-FFH2's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment against John L. Gasiorowski as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1.  The following defendants are in default of Motion or Answer:

    a.   John L. Gasiorowski and
    b.   Unknown Spouse, if any, of John L. Gasiorowski:
    c.   Unknown Tenants, if any, of:

2.  The Clerk's Entry of Default was filed herein on May 22. 2006.

    Accordingly, the Court takes the allegations contained in the Complaint as true, including

that there is due and owing to the plaintiff from the defendant, John L. Gasiorowski, upon the

subject Note, the principal balance of $119,045.36, for which judgment is hereby rendered in

favor of the Plaintiff, with interest at the rate of 10.125 percent per annum from October 1, 2005.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a

valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Parma, County of Cuyahoga and State of Ohio: and known as
> being Sublot No. 146 in the S. H. Kleinman Realty Co.'s State-Wood Subdivision, of part
> of Original Parma Township Lot No. 14, Blake Tract, as shown by the recorded plat in
> Volume 74 of Maps, page 18 of Cuyahoga County Records, and being a parcel of land 45
> feet front on the Southerly side of Longwood Avenue, and extending back 126.18 feet on
> the Easterly line, 126.02 feet on the Westerly line, and having a rear line of 45 feet, as
> appears by said plat.

> Parcel Number:  447-16-004

> Commonly known as:  3915 Longwood Avenue, Parma, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the

Mortgage was filed for record on September 4, 2005, and recorded as Instrument Number

200309041216 in the Cuyahoga County Recorder's Office; that the mortgage, together with the

Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on March 6,

2006 as Instrument Number 200603060160 in the Cuyahoga County Recorder's Office; that the

conditions of said Mortgage have been broken: and that Plaintiff is entitled to have the equity of

redemption of the defendant-titleholder foreclosed.

The Court finds that defendant Hudson & Keyse, LLC, Assignee, FirstMerit Bank N.A.

claims some right, title, interest, or lien upon the premises described herein, and has set forth its

claims in its pleadings filed herein, but that any right, title, interest, or lien that it may have is

inferior and subsequent to the lien of the Plaintiff.

The Court makes no finding as to the right, title, interest, or lien of said defendant as set

G:\Cases - TM\06-01729\propsed order mdj-061208-KW.WPD

forth in its pleadings filed herein, except to note that such right, title, interest or lien of the above named defendant is hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount herein above found due to the Plaintiff, and the same are hereby ordered to continued until further order from the court.

**IT IS THEREFORE ORDERED,** that unless the sums hereinabove found to be due to Plaintiff Wells Fargo Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2003-FFH2, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER,** that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER,** that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1.    To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's

Sale.

2.    To the plaintiff Wells Fargo Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2003-FFH2, the sum of $119,045.36, with interest at the rate of 10.125 percent per annum from October 1, 2005.

3.    To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4.    The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

There is no just reason for delay in entering Judgment as aforesaid.

**IT IS SO ORDERED.**

DATE: 12/20/06

_Christopher A Boyko_
JUDGE HONORABLE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

G:\Cases - TM\06-01729\propsed order mdj-061208-KW.WPD